Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| EULOGIO GALARZA TORRES<br><br>Peticionario<br><br>v.<br><br>HOSPITAL CARIBBEAN MEDICAL CENTER<br><br>Recurrido | KLCE202400035 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Sobre: Violación de Derechos Civiles<br><br>Caso Número: FA2023CV00328 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de febrero de 2024.

El peticionario, señor Eulogio Galarza Torres, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de Fajardo, el 30 de noviembre de 2023. Mediante la misma, el foro primario denegó una solicitud de auto representación legal promovida por el peticionario, ello dentro de una acción sobre daños y perjuicios incoada en contra de la parte aquí recurrida, Hospital Caribbean Medical Center.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de *certiorari.*

### I

El 8 de enero de 2024, el peticionario compareció ante nos, por derecho propio, mediante la presentación del recurso de epígrafe. En atención al mismo, el 25 de enero de 2024, con notificación del 29 de enero siguiente, emitimos una *Resolución* por la cual le advertimos que del expediente de autos no surgía la acreditación de la notificación de su recurso, ni al Tribunal de

Número Identificador

RES2024 _____

Primera Instancia, ni a la entidad recurrida. Siendo así, le ordenamos evidenciar el cumplimiento de dicha gestión, tal cual lo dispone la Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33. Para ello disponía hasta el 30 de enero de 2024. Llegado el día, el peticionario no cumplió con nuestro mandato.

Procedemos a disponer del recurso de autos, a tenor con la norma que provee la para eficacia de su trámite.

**II**

Sabido es que todo ciudadano que prosiga una causa en alzada está en la absoluta obligación de perfeccionar su recurso conforme a los preceptos legales y reglamentarios que le sean aplicables, de manera que provea para el cabal ejercicio de nuestras funciones de revisión. *Morán v. Martí,* 165 DPR 356, 363 (2005). Por tanto, las exigencias que rigen el perfeccionamiento de los recursos pertinentes, deber observarse con rigor. *UGT v. Centro Médico del Turabo, Inc.,* 208 DPR 944, 957 (2022). Lo anterior encuentra arraigo en la premisa que establece que "[l]a marcha ordenada de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico", por lo que las normas que atienden el trámite apelativo de las causas judiciales deben ser observadas con fidelidad. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). En o aquí pertinente, la referida exigencia se extiende a todo compareciente, aun cuando lo haga por derecho propio. *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 173 (2016).

Conforme reconoce el estado de derecho vigente, el alegato constituye el instrumento por el cual el Tribunal de Apelaciones puede aquilatar y justipreciar los argumentos de quien acude a su auxilio. El incumplimiento de los requisitos exigidos para su contenido imposibilita que el recurso se perfeccione a cabalidad. Lo anterior redunda en privar al tribunal intermedio de autoridad para

atender el asunto que se le plantea, puesto que dicha comparecencia se reputa como un breve y lacónico anuncio de una intención de apelar. *Morán v. Martí,* supra, pág. 366. Es por ello que, en aras de garantizar a las partes su día en corte, se exige el cumplimiento cabal con los trámites contemplados para el perfeccionamiento de los recursos en alzada, para que los tribunales apelativos emitan un pronunciamiento justo y correcto, a la luz de un expediente completo y claro. *Soto Pino v. Uno Radio Group,* supra, pág. 90.

La verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no sólo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. En lo pertinente, la *notificación* constituye el medio por el cual se adviene al conocimiento eficaz de un trámite en alzada en curso, ello mediante la presentación del recurso correspondiente. El mismo, dado sus efectos, propende al adecuado perfeccionamiento del recurso de que trate, por lo que su omisión puede resultar en un decreto de desestimación. *Metro Senior v. AVF,* 209 DPR 203, 209; *González Pagán v. Moret Guevara,* 202 DPR 1062, 1071 (2019).

En este contexto, pertinente a los recursos de *certiorari* y en cuanto a lo que nos ocupa, la Regla 33(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33(B), dispone como sigue:

**Regla 33 - Presentación y notificación**

(A) Manera de Presentarlo

El recurso de certiorari que se someta a la consideración del Tribunal de Apelaciones, y sus tres (3) copias, podrá presentarse en la Secretaría del Tribunal de Apelaciones o en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión.

Cuando el recurso de certiorari, junto con el arancel correspondiente, sea presentado en la Secretaría del Tribunal de Apelaciones, la parte peticionaria deberá notificar copia de la cubierta o de la primera página

del recurso debidamente sellada con la fecha y la hora de su presentación, a la Secretaría del tribunal recurrido, dentro de las setenta y dos (72) horas siguientes a la presentación de la solicitud. Este término será de cumplimiento estricto. [...].

(B) Notificación del recurso a las partes

La parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación, a los abogados(as) de récord, o en su defecto, a las partes, así como al Procurador(a) General y al (a la) Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados(as) de las partes o a las partes, cuando no estuvieron representadas por abogado(a), a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección, de estar la parte representada por abogado(a), la notificación se hará a la dirección que de éste(a) surja del registro que a esos efectos lleve el Secretario(a) del Tribunal Supremo. La parte peticionaria certificará el hecho de la notificación en la propia solicitud de certiorari. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La notificación mediante entrega personal deberá hacerse en la oficina de los abogados(as) que representen a las partes, entregándola a éstos(as) o a cualquier persona a cargo de la oficina. De no estar la parte representada por abogado(a), se entregará en el domicilio o dirección de la parte o de las partes, según ésta surja de los autos, a cualquier persona de edad responsable que se encuentre en la misma. En caso de entrega personal se certificarán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta y ocho (48) horas. El término aquí dispuesto será de cumplimiento estricto.

A tenor con lo antes esbozado, la parte que promueve un recurso de *certiorari* dispone del mismo plazo que el estado de derecho le provee para acudir en alzada para notificar su gestión a la parte oponente, a saber, treinta (30) días de notificada la resolución u orden recurrida. Regla 52.2 (b), Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b); 4 LPRA Ap. XXII-B, R. 32 (D). De igual modo, la disposición reglamentaria antes transcrita provee un término de setenta y dos (72) horas, siguientes a la presentación,

para que se le notifique copia de la cubierta del recurso debidamente sellada a la Secretaria del tribunal recurrido, cuando el recurso de *certiorari* se presenta en nuestra Secretaría. Ambos términos son de cumplimiento estricto.

Sabido es que los tribunales pueden eximir a una parte de la observancia de un término de cumplimiento estricto, siempre que medie la existencia de justa causa. *Rosario Domínguez v. ELA*, 198 DPR 197, 210 (2017); *Soto Pino v. Uno Radio Group*, supra, págs. 92-93. Sin embargo, el estado de derecho es enfático al establecer que la acreditación de la justa causa debe quedar establecida mediante alegaciones concretas y particulares. *Íd; Soto Pino v. Uno Radio Group*, supra, pág. 93. Por tanto, "[a] falta de justa causa o ante excusas vagas y generales, los tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto." *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 170 (2016); *Soto Pino v. Uno Radio Group,* supra, págs. 92-93.

**III**

Un examen del trámite apelativo de la causa que nos ocupa, revela que el peticionario incumplió con la exigencia procesal relativa al deber de notificar su recurso de *certiorari,* tanto a la parte recurrida, como al Tribunal de Primera Instancia, ello dentro del término reglamentario dispuesto.

El peticionario compareció ante nos el 8 de enero de 2024. Una vez examinado su recurso, advertimos que, de su contenido, no surgía certificación alguna sobre su notificación conforme a los términos dispuestos en la precitada Regla 33 del Reglamento del Tribunal de Apelaciones, *supra.* Así, mediante *Resolución* notificada el 29 de enero de 2024, le ordenamos evidenciar ante nos la efectiva notificación del recurso de epígrafe al tribunal primario y a la entidad recurrida. Para ello, disponía hasta el 30 de enero de 2024.

Al presente, el peticionario no ha cumplido nuestra orden. Por tanto, dado a que la notificación de su recurso constituye un criterio medular para el perfeccionamiento del mismo, la omisión aquí señalada nos impide asumir autoridad revisora sobre los méritos que plantea. Destacamos que de la búsqueda electrónica del caso de autos en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), surge que, con fecha del 11 de enero de 2024, la Secretaria de este Foro, remitió una *Carta Informando Presentación de Recurso en el Tribunal de Apelaciones*. Mediante dicho documento, dio parte al tribunal primario de la comparecencia del peticionario. En reacción a la referida carta, mediante *Orden* del 12 de enero de año en curso, el Tribunal de Primera Instancia expresamente indicó que, a dicha fecha no surgía la notificación requerida mediante la presentación de la cubierta del recurso en alzada, con la certificación de la fecha y hora de su radicación, lo cual evidencia sin amagues la inobservancia del requisito de notificación al tribunal primario, conforme a la Regla 33 del Reglamento del Tribunal de Apelaciones, *supra*. Siendo de este modo, resolvemos que carecemos de jurisdicción para acoger el recurso de *certiorari* de epígrafe. Toda vez que el mismo no se perfeccionó según las exigencias pertinentes, y en ausencia de justa causa que excuse el incumplimiento antes señalado, únicamente podemos proveer para su desestimación.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de *certiorari*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones